

FILED

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY LEE DUVARDO, | No. 09-15283 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-05428-MHP |
| v. | MEMORANDUM[*] |
| GEORGE GIURBINO, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted December 6, 2010
San Francisco, California

Before: COWEN,[**] TASHIMA and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert E. Cowen, Senior United States Circuit Judge for
the Third Circuit, sitting by designation.

Jeffrey Lee Duvardo, who is currently serving two concurrent terms of life imprisonment for murdering his parents, appeals from the District Court's denial of his 28 U.S.C. § 2254 petition. We will affirm.

The District Court properly disposed of Duvardo's evidentiary insufficiency claim. See, e.g., Jackson v. Virginia, 443 U.S. 307, 324 (1979); Briceno v. Scribner, 555 F.3d 1069, 1078 (9th Cir. 2009). In light of the evidence actually presented at trial (including, among other things, a towel found in the parents' master bathroom sink stained with Duvardo's own blood), the California Court of Appeal reasonably applied United States Supreme Court precedent in determining that a rational trier of fact could have found proof of guilt beyond a reasonable doubt.

We likewise agree with the District Court's rejection of Duvardo's due process challenge to the testimony of Supervising Special Agent Mark Safarik from the FBI's Behavioral Analysis Unit. "Under AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). The Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence

constitutes a due process violation sufficient to warrant issuance of the writ." Id.

It also has never held that the admission of expert testimony on an ultimate issue to be resolved by the trier of fact violates the Due Process Clause. See, e.g., Moses v. Payne, 555 F.3d 742, 761-62 (9th Cir. 2009). It further appears that Agent Safarik did not expressly or directly identify Duvardo as the actual killer in his testimony (and, on the contrary, told the jury that he never identifies a particular offender).

Finally, Duvardo claims that his due process rights were violated because of the admission of purportedly irrelevant yet prejudicial bigamy evidence. We have previously indicated that the United States Supreme Court has not yet ruled on the specific question of whether the admission of propensity evidence violates the Due Process Clause (and, on the contrary, has expressly refrained from deciding this question). See, e.g., Alberni v. McDaniel, 458 F.3d 860, 863-67 (9th Cir. 2006). In any case, it appears that the California Court of Appeal reasonably determined that the bigamy evidence was admissible to show motive, and the District Court appropriately determined that any error here would have been harmless because this evidence did not have a substantial and injurious effect on the jury's verdict. See, e.g., Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007).

**AFFIRMED.**